PER CURIAM.
In July 2004, Aniceto Jaimes was involved in a barroom brawl that resulted in charges against him for aggravated battery with a deadly weapon on two victims and simple battery on a third. At trial in January 2007, the jury returned the following verdicts: count one, guilty as charged of aggravated battery with a deadly weapon on Michael Proctor; count two, guilty as charged of simple battery on John Hornsby; and count three, guilty of aggravated battery by causing great bodily harm on Richard Miller. Mr. Jaimes now appeals, raising two issues. First, he claims that he was found guilty in count three of aggravated battery by causing great bodily harm on Mr. Miller when the information did not charge him with causing great bodily harm. Second, he claims that the circuit court erred in sentencing him to concurrent terms of twenty-five years’ incarceration for the two counts of aggravated battery when the statutory maximum for this degree of crime is fifteen years. The State properly concedes error on the second issue, and we reverse his sentences for the two counts of aggravated battery. Although we recognize that it was error to convict Mr. Jaimes of aggravated battery by causing great bodily harm on Mr. Miller when that crime was not charged in the information, we affirm because defense counsel failed to preserve the issue for review on appeal. Defense counsel made no objection to the jury instructions or verdict form, and we conclude such error is not fundamental in Mr. Jaimes’s circumstances. See State v. Weaver, 957 So.2d 586 (Fla.2007).
We write briefly to explain the sentencing error, despite the State’s concession, hoping that in the future such errors will be avoided. On March 6, 2007, the circuit court sentenced Mr. Jaimes to concurrent terms of twenty-five years’ incarceration for the two counts of aggravated battery. Aggravated battery is a second-degree felony punishable by up to fifteen years. See § 784.045, Fla. Stat. (2004). Thus the sentences are an upward departure from the statutory maximum. The *349 court explained at the sentencing hearing that this departure from the guidelines[1] was due to what the court believed was an escalating pattern of criminal behavior. Defense counsel filed a motion for resen-tencing, citing Florida Rule of Criminal Procedure 3.800(a), claiming that the court had neglected to put in writing its reasons for exceeding the statutory maximum. As grounds for this motion, counsel cited section 921.0016(3), Florida Statutes (2004), which was repealed effective October 1, 1998, by chapter 97-194, section 1, at 3674, Laws of Florida. Two days later, defense counsel filed a timely notice of appeal. On May 7, 2007, while the appeal was pending, the circuit court, citing the same repealed section mandating written reasons for departing from the guidelines, filed a “Sentencing Statement” explaining in writing its reasons for departing upward.
On April 15, 2008, appellate counsel filed an amended motion to correct sentencing error, this time citing rule 3.800(b), pointing out the clear error of sentencing Mr. Jaimes above the statutory maximum under the Criminal Punishment Code without sufficient justification.[2] The circuit court, recognizing its error, corrected the sentences to concurrent terms of fifteen years’ incarceration, but it did so on July 18, 2008, well beyond the sixty-day time limit for ruling. Thus its correction is a nullity. See Pearce v. State, 968 So.2d 92 (Fla. 2d DCA 2007). Therefore, we must vacate the sentencing order filed on July 18, 2008.
Convictions affirmed, sentences on counts one and three reversed, and cause remanded for resentencing.
DAVIS and KELLY JJ., Concur.
CASANUEVA, J., Concurs with opinion.

. We believe that the court merely misspoke when it announced that it was departing upward from the guidelines because the sentencing guidelines were repealed and rendered inapplicable to crimes committed after October 1, 1998, the effective date of the Criminal Punishment Code. See ch. 97-194, §§ 1-2, at 3674, Laws of Fla.

. In this amended motion, appellate counsel also cited as error the verdict and adjudication of guilt under count three for a crime not charged in the information. The circuit court did not address this claim in its subsequent order on the motion. We note that this procedure also did not preserve the conviction error for review on appeal because it is a type of error not cognizable in a motion filed pursuant to rule 3.800(b). See Jackson v. State, 983 So.2d 562 (Fla.2008); Griffin v. State, 946 So.2d 610 (Fla. 2d DCA 2007), quashed in part on other grounds, 980 So.2d 1035 (Fla.2008).