QUINCE, J.
 

 We have for review the decision of the Second District Court of Appeal in
 
 Jaimes v. State,
 
 19 So.3d 347 (Fla. 2d DCA 2009). Aniceto Jaimes challenges his conviction for aggravated battery by causing great bodily harm on the grounds that the “great bodily harm” version of aggravated battery, although contained in the jury instructions, was not charged in the information that was filed against him by the State. Below, the Second District held that because Jaimes’s attorney failed to object to the jury instructions at trial, the error was not preserved for appellate review. Citing this Court’s decision in
 
 State v. Weaver,
 
 957 So.2d 586 (Fla.2007), the district court further concluded that the error was not fundamental to Jaimes’s conviction.
 

 We have jurisdiction based on a misapplication of our decision in
 
 Weaver. See
 
 art. V, § 3(b)(3), Fla. Const.;
 
 see also Wallace v. Dean,
 
 3 So.3d 1035, 1040 (Fla.2009) (identifying misapplication of decisions as a basis for express and direct conflict jurisdiction under article V, section 3(b)(3)). As explained more fully below, the rule we announced in
 
 Weaver
 
 does not apply when a defendant has been specifically convicted of an uncharged offense. In this case, where the trial court’s instruction resulted in the defendant’s conviction for a crime that was never charged, fundamental error occurred. Accordingly, we quash that portion of the decision of the Second District
 
 *447
 
 that is inconsistent with this opinion and remand to the district court with directions that the district court in turn remand to the trial court with instructions to enter a verdict for the lesser included offense of simple battery.
 

 FACTS AND PROCEDURAL HISTORY
 

 On the evening of July 9, 2004, Jaimes and three friends entered Judy’s Place, a bar-restaurant located in Clewiston, Florida. An altercation began between Jaimes’s group and several patrons of the bar, and Jaimes and his friends were asked to leave by the owner. John Horns-by, a musician who was performing in the bar that evening, testified at trial that a larger barroom brawl began when Jaimes punched him in the head. When the brawl subsided several minutes later, Jaimes and his friends exited the bar. Once outside, Jaimes allegedly struck victims Richard Miller and Michael Proctor with a wooden club. Miller and Proctor were also beaten with sticks wielded by Jaimes and his friends. Karen Lamb, Miller’s fiancée, watched the confrontation from the front seat of Miller’s vehicle. Jaimes and his friends fled in a pickup truck, but were apprehended by police shortly thereafter. Miller and Proctor were taken to the emergency room and treated for their injuries.
 

 Following his arrest, Jaimes was charged by information with two counts of aggravated battery with a deadly weapon and one count of simple battery, each against a different victim. Under Florida law, an aggravated battery may be committed either by causing great bodily harm to the victim in the course of committing a battery, or by committing a battery through the use of a deadly weapon.
 
 See
 
 § 784.045(l)(a)l.-2., Fla. Stat. (2004). At trial, although Jaimes was only charged with the deadly weapon form of the offense, the jury was erroneously instructed that it could also find Jaimes guilty if it determined that he had caused great bodily harm to the victims. No objection was made to this instruction. Further, the jury was given a verdict form which allowed it to specifically choose between the two forms of aggravated battery. After deliberation, the jury found Jaimes guilty of simple battery against John Hornsby, aggravated battery with a deadly weapon against Michael Proctor, and aggravated battery
 
 by causing great bodily harm
 
 against Richard Miller. Jaimes was sentenced to concurrent terms of twenty-five years in prison for each count of aggravated battery, and 364 days in prison for the count of simple battery.
 

 Jaimes appealed his convictions and sentences to the Second District, raising two claims. In his first claim, Jaimes argued that it was error to convict him of aggravated battery by causing great bodily harm when the information did not charge him with that form of the offense.
 
 See Jaimes,
 
 19 So.3d at 348. Denying relief, the district court’s opinion stated as follows:
 

 Although we recognize that it was error to convict Mr. Jaimes of aggravated battery' by causing great bodily harm on Mr. Miller when that crime was not charged in the information, we affirm because defense counsel failed to preserve the issue for review on appeal. Defense counsel made no objection to the jury instructions or verdict form, and we conclude such error is not fundamental in Mr. Jaimes’s circumstances.
 
 See State v. Weaver,
 
 957 So.2d 586 (Fla.2007).
 

 Jaimes,
 
 19 So.3d at 348.
 

 Jaimes sought review in this Court, alleging that the decision of the Second District is in conflict with this Court’s decision
 
 *448
 
 in
 
 Weaver.
 

 [1]
 

 We granted review,
 
 Jaimes v. State,
 
 29 So.3d 291 (Fla.2009), and now quash the portion of the district court’s decision that affirms Jaimes’s conviction for aggravated battery by causing great bodily harm.
 

 ANALYSIS
 

 We begin our analysis with an overview of the law concerning the preservation of a jury instruction error. As a general matter, instructions to a jury are subject to the contemporaneous objection rule. Pursuant to Florida Rule of Criminal Procedure 3.390(d), “No party may raise on appeal the giving or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection.” Absent such an objection at trial, an unpreserved error may be reviewed on appeal only if it rises to the level of fundamental error.
 
 See Reed v. State,
 
 837 So.2d 366, 370 (Fla.2002);
 
 see also Ray v. State,
 
 403 So.2d 956, 960 (Fla.1981) (“The main benefit to a defendant having a procedural defect declared fundamental error is that such error can be considered on appeal even though not objected to in the lower court.”). Here, because no objection was made to the court’s erroneous instruction at trial, the error must qualify as “fundamental” in order to be considered on appeal.
 

 In defining the scope of the fundamental error doctrine, we have explained that a fundamental error is one that “goes to the foundation of the case or goes to the merits of the cause of action.”
 
 Sanford v. Rubin,
 
 237 So.2d 134, 137 (Fla.1970). “To justify not imposing the contemporaneous objection rule, ‘the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.’ ”
 
 State v. Delva,
 
 575 So.2d 643, 644-45 (Fla.1991) (quoting
 
 Brown v. State,
 
 124 So.2d 481, 484 (Fla.1960)). In other words, the doctrine of fundamental error applies when an error has affected the proceedings to such an extent it equates to a violation of the defendant’s right to due process of law.
 
 See F.B. v. State,
 
 852 So.2d 226, 229 (Fla.2003);
 
 see also Ray,
 
 403 So.2d at 960 (“[F]or error to be so fundamental that it may be urged on appeal, though not properly presented below, the error must amount to a denial of due process.”).
 
 [2]
 

 It is a fundamental principle of due process that a defendant may not be convicted of a crime that has not been charged by the state.
 
 See Thornhill v. Alabama,
 
 310 U.S. 88, 96, 60 S.Ct. 736, 84 L.Ed. 1093 (1940) (“Conviction upon a charge not made would be sheer denial of due process.”);
 
 Price v. State,
 
 995 So.2d 401, 404 (Fla.2008) (“There is a denial of due process when there is a conviction on a charge not made in the information or indictment.”);
 
 see also Cole v. Arkansas,
 
 333 U.S. 196, 201, 68 S.Ct. 514, 92 L.Ed.
 
 *449
 
 644 (1948) (“It is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be to convict him upon a charge that was never made.”). Therefore, an error that directly results in such a conviction is by definition fundamental.
 
 [3]
 

 In the present case, there is no question that the defendant was convicted of an offense that was never charged. The information charged Jaimes with committing a battery against Richard Miller, and that he did so by using a deadly weapon.
 
 See
 
 § 784.045(1)(a)2. However, the jury was erroneously instructed that it could convict Jaimes of aggravated battery if it determined that, in the course of committing a battery, Jaimes had caused Miller great bodily harm, permanent disability, or permanent disfigurement.
 
 See
 
 § 784.045(1)(a)1. The jury then convicted Jaimes based specifically on the fact that he had caused the victim great bodily harm, despite the fact that the extent of the victim’s injuries was never an element of the offense as it was charged in the information. Thus, Jaimes was convicted of a form of aggravated battery which requires an element not contained in the charging document, and his right to due process was therefore violated. The guilty verdict in this case clearly “could not have been obtained without the assistance of the alleged error.”
 
 Delva,
 
 575 So.2d at 645 (quoting
 
 Brown,
 
 124 So.2d at 484). Accordingly, we find that the instruction in this case was fundamental error, and the fact that Jaimes’s counsel failed to object at trial will not bar its consideration and correction on appeal.
 

 In denying relief on this claim, the district court relied on this Court’s decision in
 
 Weaver,
 
 957 So.2d 586, which quashed the prior holding of the Second District in
 
 Weaver v. State,
 
 916 So.2d 895 (Fla. 2d DCA 2005). Although the underlying facts of
 
 Weaver
 
 are similar to those presented here, we find that the Second District misapplied this Court’s decision in holding that the instruction in this case was not fundamental error. In
 
 Weaver,
 
 the defendant was tried for the offense of battery on a law enforcement officer.
 
 See
 
 § 784.07, Fla. Stat. (2005). Under section 784.03(1)(a), Florida Statutes (2005), a battery may be committed in two ways, occurring either when a person “[ajctually and intentionally touches or strikes another person against the will of the other,” or when a person “[ijntentionally causes bodily harm to another person.” Although Weaver was only charged with the first form of the offense, intentional touching or striking, the jury was instructed that it could find the defendant guilty if it determined that he had
 
 either
 
 intentionally touched or struck the officer
 
 or
 
 caused the officer bodily harm.
 
 See Weaver,
 
 957 So.2d at 587. As in the present case, no objection was made to the instruction by Weaver’s attorney.
 
 See id.
 
 The jury found Weaver guilty of battery. However, the verdict did not specify whether the conviction was based on the charged or uncharged form of the offense.
 
 See id.
 

 On appeal, the Second District, applying its previous decisions in
 
 Dixon v. State,
 
 823 So.2d 792 (Fla. 2d DCA 2001), and
 
 *450
 

 Vega v. State,
 
 900 So.2d 572 (Fla. 2d DCA 2004), reversed the conviction. In
 
 Dixon,
 
 as in
 
 Weaver,
 
 the jury was instructed on an uncharged alternative form of battery on a law enforcement officer. The jury then returned a general verdict of guilty.
 
 See Dixon,
 
 823 So.2d at 794. Reviewing the verdict on appeal, the Second District explained that it found the error to be fundamental “because the jury’s general verdict ma[de] it impossible to know whether Dixon was convicted of the offense with which he was charged, i.e., intentional touching battery, or an offense with which he was not charged, i.e., bodily harm battery.”
 
 Id.
 
 The Second District reaffirmed this rule in
 
 Vega,
 
 900 So.2d at 573, holding that an instruction on an uncharged alternative form of battery was fundamental error “because the jury returned a general verdict of guilt without specifying the basis for the conviction, making it impossible to know whether Vega was convicted of the form of battery with which he was charged rather than the form with which he was not charged.”
 

 In overturning Weaver’s conviction, the Second District explained that it was constrained by its prior precedents in
 
 Dixon
 
 and
 
 Vega. See Weaver,
 
 916 So.2d at 898. However, the court also noted that no evidence had been presented on the uncharged version of the offense in Weaver’s case and that nothing in the record suggested that the jury’s verdict was based on anything other than the version of the offense that was actually charged. The court questioned whether a per se rule of fundamental error was appropriate under such circumstances, and observed that “[ujnder a traditional harmless error analysis, we would conclude beyond a reasonable doubt that the error did not affect the verdict.”
 
 Id.
 

 This Court granted review and disapproved of the absolute rule adopted by the district court. Previously, in
 
 State v. Delva,
 
 575 So.2d 643, 645 (Fla.1991), we had held that it was not fundamental error to fail to instruct a jury on an element of a crime that is not disputed by the parties. Applying the reasoning of that case to the facts presented in
 
 Weaver,
 
 we explained that
 

 [although
 
 Delva
 
 involved the trial court’s
 
 omission
 
 from the jury instructions of an element of an offense that the defendant did not contest ... the same principle applies to the erroneous
 
 inclusion
 
 of an element that the State does not argue is present and about which it presents no evidence. As with the omission of an element of the offense that is not contested, the erroneous inclusion of an element that the State concedes does not apply, and concerning which it presents no evidence, is not “pertinent or material to what the jury must consider in order to convict.”
 

 Weaver,
 
 957 So.2d at 588-89 (quoting
 
 Delva,
 
 575 So.2d at 645).
 

 In
 
 Weaver,
 
 the record demonstrated — as the Second District had recognized — that the State never argued at trial that Weaver had caused great bodily harm to the police officer, nor had any evidence been presented regarding the victim’s injuries.
 
 See id.
 
 at 589. We concluded that because the uncharged version of the offense was never at issue, it could be assumed that the jury’s general verdict of guilty was not based on the uncharged theory.
 
 See id.
 
 In such cases, we explained, “We are confident that ... the jury’s verdict is based not on elements that were never at issue, but on the elements on which the State based its arguments, and which the defendant contested at trial.”
 
 Id.
 
 For that reason, we held that the faulty instruction in
 
 Weaver
 
 did not rise to the level of fundamental error.
 
 See id.
 

 
 *451
 
 Although the errors in
 
 Jaimes
 
 and
 
 Weaver
 
 — an instruction on an uncharged version of a charged offense — are essentially the same, the rule we adopted in
 
 Weaver
 
 does not apply to the circumstances presented here. In
 
 Weaver,
 
 our holding was based on an underlying ambiguity in the jury’s verdict, namely that where a
 
 general verdict
 
 is returned, it is unclear on the face of the verdict whether the jury convicted the defendant of the charged or uncharged form of the offense. Where the record shows that no argument has been made and no evidence has been presented on the uncharged version, it may be assumed that the defendant was convicted of the form of the offense on which the state actually based its arguments.
 
 See Weaver,
 
 957 So.2d at 589;
 
 cf. Sanders v. State,
 
 959 So.2d 1282, 1284 (Fla. 2d DCA 2007) (finding an instruction on an uncharged form of battery to be fundamental error where the prosecution argued in favor of and presented evidence on the uncharged theory). In
 
 Weaver,
 
 then, we did not need to apply the general rule that “a conviction on a charge not made by the indictment or information is a denial of due process of law,”
 
 Gray,
 
 435 So.2d at 818, because there was no reason to believe that Weaver had in fact been convicted of an uncharged crime.
 
 See Weaver,
 
 957 So.2d at 589. Thus, the error was neither pertinent nor material to what the jury had to consider in order to convict the defendant.
 
 See Stewart,
 
 420 So.2d at 863.
 

 In the present case, however, the jury returned a
 
 specific verdict
 
 in favor of an uncharged form of aggravated battery.
 
 See Jaimes,
 
 19 So.3d at 348. As discussed above, the extent of the victim’s injuries was not an element of the offense as it was charged in the information. Although the information charged Jaimes with committing an aggravated battery by using a deadly weapon, the jury explicitly based its verdict on its determination that Jaimes had caused the victim great bodily harm.
 
 See
 
 § 784.045(1)(a)1.-2. Regardless of the arguments made or the evidence presented, it is' impossible to assume, as we did in
 
 Weaver,
 
 that the improper instruction had no effect on the jury’s decision; the record makes it clear that the guilty verdict in this case “could not have been obtained without the assistance of the alleged error.”
 
 Delva,
 
 575 So.2d at 645 (quoting
 
 Brown,
 
 124 So.2d at 484).
 

 As this Court has long recognized, “one charged with a crime cannot be indicted for one offense and convicted or sentenced for another, even though the offenses are closely related and may be of [the] same general character.”
 
 Perkins v. Mayo,
 
 92 So.2d 641, 643 (Fla.1957). Because Jaimes was convicted of an offense based on elements that were never charged, we find that due process was violated and fundamental error occurred.
 
 See Gray,
 
 435 So.2d at 818. Accordingly, we quash the district court’s decision affirming Jaimes’s conviction on the challenged count of aggravated battery.
 

 REMEDY
 

 Under section 924.34, Florida Statutes (2010), when an appellate court vacates a conviction but determines that the evidence establishes the defendant’s guilt as to a lesser included offense, “the appellate court shall reverse the judgment and direct the trial court to enter judgment for the ... lesser included offense.” Here, the jury was instructed on aggravated battery with simple battery as a lesser included offense. To convict Jaimes of simple battery, the jury was required to find that Jaimes intentionally touched or struck the victim against his will or intentionally caused the victim bodily harm.
 
 See
 
 § 784.03. To convict Jaimes of
 
 aggra-
 
 
 *452
 

 voted
 
 battery, the jury was required to find, first, that Jaimes had committed each element of simple battery under section 784.08, and second, that Jaimes had committed the battery by using a deadly weapon.
 
 See
 
 § 784.045. Thus, while the information did not charge the form of aggravated battery on which the jury based its conviction, the elements of simple battery were both supported by the charging document and the proof at trial, and each element of the offense was determined by the jury beyond a reasonable doubt.
 
 See State v. Sigler,
 
 967 So.2d 835, 842 (Fla.2007). We may therefore direct that Jaimes’s case be remanded to the trial court with instructions to enter a verdict for the lesser included offense of simple battery.
 

 CONCLUSION
 

 Because the defendant was specifically convicted of an offense based on elements that were never charged, we find that fundamental error occurred in this case. Accordingly, we quash the portion of the district court’s decision affirming Jaimes’s conviction for aggravated battery by causing great bodily harm and remand to the Second District with instructions to direct the entry of a verdict for the lesser included offense of simple battery.
 

 It is so ordered.
 

 CANADY, C.J., and PARIENTE, LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.
 

 [1]
 

 . Regarding Jaimes’s second claim, the Second District determined that the trial court had erred in sentencing Jaimes to twenty-five years' incarceration on each count of aggravated battery when the statutory maximum for that offense was fifteen years.
 
 Jaimes,
 
 19 So.3d at 348-49. The State conceded the error in the district court,
 
 see id.
 
 at 348, and neither party has challenged this aspect of the Second District’s ruling before this Court.
 

 [2]
 

 . We have cautioned, however, that "the doctrine of fundamental error should be applied only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.”
 
 Ray,
 
 403 So.2d at 960. An error will not be considered fundamental if it is not "pertinent or material to what the jury must consider in order to convict.”
 
 Stewart v. State,
 
 420 So.2d 862, 863 (Fla.1982).
 

 [3]
 

 . For example, this Court has held that a charging document is fundamentally defective where it fails to allege one or more essential elements of an offense, the reason being that such an indictment or information "fails to charge a crime under the laws of the state.”
 
 State v. Gray,
 
 435 So.2d 816, 818 (Fla.1983). We explained in
 
 Gray
 
 that "[s]ince a conviction cannot rest upon such an indictment or information, the complete failure of an accusatory instrument to charge a crime is a defect that can be raised at any time — before trial, after trial, on appeal, or by habeas corpus.”
 
 Id.