PALMER, J.
Dontay Reddick (defendant) appeals his conviction and sentence on the charge of aggravated battery. Determining that the defendant was convicted of a crime not charged in the information, we reverse and remand for a new trial.
The defendant was charged with committing the crimes of aggravated battery and discharging a firearm in public. On the aggravated battery charge, the information alleged that the defendant committed a battery on the victim by “actually and intentionally touching or striking” the victim “against his will, or by intentionally causing bodily harm” to the -victim. The jury returned a verdict form stating that the defendant was guilty as charged, and the trial court sentenced the defendant accordingly.
The defendant appeals his aggravated battery conviction arguing that the trial court fundamentally erred by instructing the jury on a theory of the crime of aggravated battery that was not charged in the information. Specifically, the defendant argues that the trial court erred in instructing the jury on the elements of aggravated battery by use of a weapon, rather than aggravated battery due to great bodily harm as was charged in the information. In a related claim, the defendant *133 argues that his sentence on the aggravated battery charge must be reversed because he was not properly convicted on the aggravated battery charge as set forth in the information. We agree.
Section 784.045 of the Florida Statutes (2009) defines the crime of aggravated battery, as follows:
784.045. Aggravated battery
(l)(a) A person commits aggravated battery who, in committing battery:
1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
2. Uses a deadly weapon.
§ 784.045(l)(a), Fla. Stat. (2009).
Here, the information filed by the State against the defendant expressly alleged that the defendant committed an aggravated battery on the victim by causing bodily harm to the victim; there was no allegation in the information that the crime occurred through the defendant’s use of a deadly weapon. However, the record demonstrates that the jury instruction issued on the aggravated battery charge was as follows:
To prove the crime of Aggravated Battery, the State must prove the following two elements beyond a reasonable doubt. The first element is a definition of battery.
1. Dontay Lamont Reddick intentionally touched or struck [the victim] against his will.
2. Dontay Lamont Reddick in committing the battery used a deadly weapon.
A weapon is a “deadly weapon” if it is used or threatened to be .used in a way likely to produce death or great bodily harm.
(Emphasis added). As such, the jury was instructed on, and found the defendant guilty of committing, a crime that was not charged in the information. However, no objection was made by either party to the trial court’s instruction.
“As a general rule, it is a violation of due process and therefore fundamental error to convict a defendant of a crime not charged in the information or indictment.” Green v. State, 18 So.3d 656, 658 (Fla. 2d DCA 2009).
The trial court’s issuance of the faulty aggravated battery instruction constituted fundamental error in this case because the record is clear that the jury found the defendant guilty of committing a crime that was not charged in the information.[1] Accordingly, the defendant’s aggravated battery conviction and sentence is reversed and this matter remanded for a new trial thereon. See Jaimes v. State, 51 So.3d 445 (Fla. Dec. 9, 2010)(holding that offense of aggravated battery by causing great bodily harm was never charged by the State such that trial court’s unobjected-to jury instruction on the offense, resulting in defendant’s conviction, violated defendant’s due process rights and constituted fundamental error).
REVERSED and REMANDED.
TORPY, J., concurs.
COHEN, J., concurs specially, with opinion.

. We note that the jury answered a special interrogatory on the battery conviction, finding that the defendant "actually discharged a firearm and caused serious bodily injury or death to another, during the commission of the offense.” However, this finding of serious bodily injury was not sufficient to support the aggravated battery conviction as charged here since, in order to prove aggravated battery as charged, the State was required to prove that the defendant "intentionally or knowingly caused great bodily harm”.