VAN NORTWICK, J.
Tevin Akeem Nettles appeals his convictions and sentences for carjacking with a firearm and robbery with a firearm arguing the jury’s verdict was legally inconsistent. We agree and reverse and remand for resentencing.
By information Nettles was charged with carjacking with a firearm or a deadly weapon, robbery armed with a firearm, and armed kidnapping with a weapon. At trial, the jury was not instructed on the principals theory, and the verdict used did not list any lesser included offenses. In addition to asking the jury to find Nettles guilty or not guilty as to each charged offense, the jury was asked to find whether or not Nettles possessed a firearm during the carjacking and during the robbery. The jury found Nettles guilty as charged with respect to each of the three offenses, but found that he did not possess a firearm with respect to the charges of carjacking with a firearm and robbery with a firearm. Nettles thereafter moved to be adjudicated guilty of carjacking and robbery, but the trial court denied that motion. Nettles was then adjudicated guilty of carjacking *783 with a firearm and robbery with a firearm, first degree felonies punishable by life.
A verdict which is factually inconsistent is permissible in Florida as it results from a jury’s inherent authority to acquit. Thus, for example, a jury’s verdict finding a defendant guilty of aggravated fleeing and eluding and attempted assault charges is permissible even though such a result is factually inconsistent with a verdict of not guilty by reason of insanity on other charges arising from the same incident. State v. Cappalo, 932 So.2d 331 (Fla. 2d DCA 2006).
A verdict which is legally inconsistent, however, cannot stand. See Shavers v. State, 86 So.3d 1218 (Fla. 2d DCA 2012). Such a verdict occurs when a “not-guilty finding on one count negates an element on another count that is necessary for conviction.” Id. at 1221. Here, the jury’s finding that Nettles did not possess a firearm negated the possession element necessary for conviction of carjacking with a firearm, section 812.133(2)(a), and robbery with a firearm, section 812.13(2)(a), Florida Statutes (2011).
Accordingly, the trial court erred in adjudicating Nettles guilty of carjacking with a firearm and robbery with a firearm. We reverse the judgment of conviction as to these counts and vacate the sentences therefor. The cause is remanded for entry of a corrected judgment which adjudicates Nettles guilty of carjacking and robbery; the third conviction is unaffected by this decision. Upon preparation of a corrected Criminal Punishment Code scoresheet, Nettles is to be resentenced.
REVERSED and REMANDED for further proceedings.
WOLF and WETHERELL, JJ., concur.