PALMER, J.
Christopher Voyer (defendant) appeals his judgment and sentence on one count of lewd or lascivious molestation. Determining that fundamental error occurred when the trial court entered a judgment on a charge which had not been submitted to the jury, we reverse.
The defendant was charged with committing eighteen criminal offenses: six counts of sexual battery, six counts of sexual activity with a child, and six counts of lewd or lascivious molestation. At the close of the State’s case-in-chief, the trial court entered judgments of acquittal on ten of the eighteen counts, including count 2 (sexual activity with a child).
Thereafter, in preparing the verdict forms, the parties re-numbered the surviving eight counts; hence, the numbers of the counts submitted to the jury did not align with the numbers of the counts as they were set forth in the information. During the jury charge, the trial court properly instructed the jury that the renumbered count 2 involved the charge of lewd or lascivious molestation (as originally charged in count 3 of the information). However, when reading the verdict forms *102 to the jury, the court read the verdict form prepared for the originally numbered count 2, stating that the defendant was being charged with the crime of sexual activity with a child. The verdict forms provided to the jury also erroneously included the original count 2 (sexual activity with a child), rather than the re-numbered count 2 (lewd or lascivious molestation).
The jury found the defendant guilty on all counts. Apparently failing to recognize that the jury’s verdict on count 2 did not align with the actual charge on the renumbered count 2, the trial court entered a judgment adjudicating the defendant guilty of, among other things, lewd or lascivious molestation as to count 3 as charged in the information. The court then sentenced the defendant to 80 years’ imprisonment on count 3.
The defendant contends that it was fundamental error for the trial court to adjudicate him guilty and sentence him for the crime of lewd or lascivious molestation on count 3 when the jury had not found him guilty of the charge. The State properly concedes error. The only dispute between the parties is what relief the defendant is entitled to receive in this court.
The defendant contends that his judgment and sentence on count 3 must be reversed and that he must be discharged on that count because the jury did not find him guilty of that charge and, therefore, the trial court can take no action which would remedy the infirmity on remand. We agree. See Jaimes v. State, 51 So.3d 445, 451 (Fla.2010) (holding that it is a fundamental principle of due process that a defendant cannot be convicted of a crime that has not been charged by the State; an error that directly results in such a conviction is fundamental). See also Perkins v. Mayo, 92 So.2d 641, 643 (Fla.1957) (explaining one charged with a crime cannot be indicted for one offense and convicted or sentenced for another).
The State argues that discharge on count 3 is not the proper remedy, citing to Moore v. State, 496 So.2d 255 (Fla. 5th DCA 1986). The State’s reliance on Moore is misplaced.
In Moore, the defendant was charged with the unlawful sale of cocaine. However, during trial, the trial court instructed the jury regarding unlawful delivery (not sale) of cocaine. The jury returned a general verdict of guilty as charged. On appeal from his judgment and sentence on the unlawful sale of cocaine charge, our court reversed, explaining:
Either the information and the verdict do not correlate with the jury instructions; or, the information does not correlate with the jury instructions and the verdict.
A jury is entitled to proper instructions on the law from the judge. A verdict which finds a person guilty of a crime with which the accused was not charged is a nullity.
Alternatively, a verdict which is not in conformance with the jury instructions is defective. Either way this appellant was wrongfully convicted. We must reverse that conviction and remand the case for a new trial with proper jury instructions and verdict forms.
Id. at 256. The jury in Moore returned a general verdict of guilty as charged and, therefore, the record was unclear whether the jury found the defendant guilty of the charge set forth in the information (unlawful sale of cocaine), or the charge as instructed by the court at trial (unlawful-delivery of cocaine). Thus, remand for a new trial was appropriate. In contrast, here, the record is clear that, on count 2, the jury found the defendant guilty of sexual activity with a child, yet the defendant ' was being tried for, and the trial *103 court entered judgment and sentence on, the originally charged count 3, lewd or lascivious molestation.
Accordingly, we reverse the defendant’s judgment and sentence on count 3, and remand for the defendant to be discharged on that count.
REVERSED AND REMANDED.
SAWAYA and EVANDER, JJ., concur.