WALLACE, Judge.
Pedro Antonio Ortiz challenges his judgment and sentences for home invasion robbery, aggravated battery ón a victim sixty-five years of age or older, and grand theft of a motor vehicle. On appeal, Mr. Ortiz raises three issues. First, he argues that the trial court failed to conduct Nelson[1] and Faretta[2] hearings as required. Second, Mr. Ortiz contends that prosecutorial misconduct during closing argument deprived him of a fair, trial. Third, he argues that the trial court erred by instructing the jury on an uncharged theory of “the deadly weapon” version of the crime of aggravated battery. Mr. Ortiz’s first two issues are without merit and do not warrant further discussion. We agree with Mr. Ortiz that the trial court committed *519 error in instructing the jury on “the deadly weapon” version of the offense of aggravated battery that was not charged. Therefore, we affirm in part and reverse in part.
I. THE FACTUAL AND PROCEDURAL BACKGOUND
Section 784.045, Florida Statutes (2011), provides, in pertinent part, as follows:
(1)(a) A person commits aggravated battery who, in committing battery:
1. Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or
2. Uses a deadly weapon.
[[Image here]]
(2) Whoever commits aggravated battery shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Thus the offense of aggravated battery may be committed in two different and distinct ways: (1) by intentionally or knowingly causing great bodily harm, permanent disability, or permanent disfigurement, commonly referred to as “the great bodily harm” theory; and (2) by using a deadly weapon, commonly referred to as “the deadly weapon” theory. Where, as in this case, the victim of the aggravated battery is sixty-five years of age or older, the offense is reclassified from a felony of the second degree to a felony of the first degree. § 784.08(2)(a).
The State’s amended information against Mr. Ortiz for aggravated battery alleged, in pertinent part as follows:
[T]hat Pedro Ortiz, in the County of Pasco, State of Florida, on the 9th day of August, in the year of our Lord, two thousand eleven, did intentionally or knowingly cause great bodily harm, permanent disability, or permanent disfigurement to [the victim], a person 65 years of age or older; contrary to Chapter. 784.045/784.08(2)(a), Florida Statutes, and against the peace and dignity of the State of Florida.
(Emphasis added). Thus the State charged Mr. Ortiz under the great bodily harm theory of aggravated battery under section 784.045(1)(a)(1) and omitted any reference to the deadly weapon theory under section 78,4.045(1)(a)(2).
The evidence at trial showed that the victim was seventy-seven years old on the date of the offense. When' the attack began, the victim was home asleep in his bed. The assailant or assailants administered a savage beating to the victim on his head and hands with a metal yardstick. The unfortunate victim testified that when he was awakened it felt like he was being hit on the head with a hammer. Later, the victim was taken to a hospital for treatment. Ninety-one stitches were required to close the wounds on his head. The victim also sustained a broken finger and lost several fingernails.
At. the charge conference, the State’s proposed instruction on the. elements of aggravated battery authorized the jury to find Mr. Ortiz guilty upon a finding of either great bodily harm or the use of a deadly weapon. Defense counsel timely objected to the language in the proposed jury instruction referencing. a. deadly weapon, pointing but that “[i]t doesn’t appear as though [the State] used [sic] the use of a deadly weapon in the [amended] Information.”' The prosecutor would not agree to eliminate the reference in the proposed jury instruction to the use of a deadly weapon, and the trial court overruled defense counsel’s objection..
The trial court instructed the jury on the elements of aggravated battery as follows:: .
*520 To prove the crime of Aggravated Battery on a Person 65 Years of age or Older ... the State must prove the following three elements beyond a reasonable doubt. The first element is a definition of battery.
1. PEDRO ORTIZ intentionally touched [the victim] against his will, or intentionally caused bodily harm to [the victim].
2. PEDRO ORTIZ in committing the battery
a. intentionally or knowingly caused great bodily harm or permanent disability to [the victim]; or .
b. used a deadly weapon.
3. [The victim] was at the time 65 years of age or older.
A weapon is a “deadly weapon” if it is used or threatened to be used in a way likely to produce death or great bodily harm.
Consistent with the jury instructions, the prosecutor told the jury in closing argument that they could find Mr. Ortiz guilty of aggravated battery based on the great bodily harm inflicted on the victim or based on the assailant’s use of a deadly weapon, i.e., the metal yardstick. With regard to the deadly weapon theory, the prosecutor told the jury in his initial closing argument:
Used a deadly weapon. You’ll be able to take this [the metal yardstick] back and feel it (indicating). We’ll give you gloves. You can determine whether or not that this could be a deadly weapon or not. The State would contend yes. Someone could be killed with this. Someone was almost was [sic] was killed with this.
During the rebuttal portion of his closing argument, the prosecutor returned to the theme of the yardstick’s use as a deadly weapon. He asked the jury to imagine what the yardstick could do when a person wielding it would stand over someone’s head “hacking away.”
The verdict form presented to the jury on the aggravated battery charge did not differentiate between the alternative methods of committing aggravated battery. Instead, the verdict form provided only for a general verdict on the charge of aggravated battery on a person sixty-five years of age or older. The jury’s other options as presented on the verdict form were aggravated battery, felony battery, battery on a person sixty-five years of age or older, battery, and not guilty. The jury returned a general verdict finding Mr. Ortiz guilty of aggravated battery on a person sixty-five years of age or older as charged in the information. The trial court adjudged Mr. Ortiz to be guilty in accordance with the jury’s verdict and sentenced him on the aggravated battery charge as a prison re-leasee reoffender to a term of thirty years in prison.
II. DISCUSSION
The State properly concedes that the trial court erred in instructing the jury on an alternative theory of aggravated battery that was not charged in the information. See Jaimes v. State, 51 So.3d 445, 451 (Fla.2010); Sanders v. State, 959 So.2d 1232, 1234 (Fla. 2d DCA 2007); Reddick v. State, 56 So.3d 132, 133 (Fla. 5th DCA 2011). Nevertheless, the State argues that the error was harmless. The State observes that “the majority of [its] evidence pointed toward a great bodily injury theory of aggravated battery.” The State also directs our attention to the serious injuries sustained by the victim. Finally, the State points out that the jury’s finding of guilty “as charged in the information” presumably means that the jury found Mr. Ortiz guilty on the great bodily harm theory of aggravated battery.
*521 In assessing the State’s harmless error argument, we may briefly consider the pertinent facts. There was substantial evidence in the record from which the jury could have concluded that the victim’s assailant or assailants used the metal yardstick as a deadly weapon. Cf. Coronado v. State, 654 So.2d 1267, 1270 (Fla. 2d DCA 1995) (holding that the evidence was sufficient for the jury to conclude that a stick was used as a deadly weapon where the State proved that the defendant used the stick to hit the victim in the face, causing a facial fracture, numbness, and a great deal of pain around the eye and face); Taylor v. State, 672 So.2d 580, 582 (Fla. 1st DCA 1996) (holding that the evidence was sufficient to support a finding that a crowbar was used as a deadly weapon where the victim had been hit on the top of his head, splitting his head open and causing him to bleed, lose consciousness, and require treatment at a hospital). Moreover, the prosecutor repeatedly told the jury that they could find Mr. Ortiz guilty of aggravated battery based on his use of the metal yardstick as a deadly weapon. Because the jury rendered a general verdict of guilty on the aggravated battery charge, it is impossible to determine the theory upon which the jury found Mr. Ortiz guilty of the offense. Under these circumstances, it is entirely possible that the jury found Mr. Ortiz guilty of aggravated battery based upon the alternative version of aggravated battery for which he was not charged. For this reason, we reject the State’s harmless error argument.
Mr. Ortiz argues that the appropriate remedy upon a reversal of his judgment and sentence for aggravated battery on a person sixty-five years of age or older is a remand for entry of a judgment finding Mr. Ortiz guilty of simple battery on a person sixty-five years of age or older, sections 784.03(1) and 784.08(2)(c), a felony of the third degree, and for resentencing Mr. Ortiz for that offense. See § 924.34, Fla. Stat. (2011) (“When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.”); see also Jaimes, 51 So.3d at 452 (quashing district court’s decision affirming a conviction for aggravated battery with great bodily harm and remanding for the district court to direct the entry of a verdict for the lesser included offense of simple battery).
We do not think that section 924.34 applies under the facts of this case. That statute applies “[w]hen the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty.” But here, the evidence was sufficient to prove the offense as charged. Jaimes is distinguishable from this case because, in Jaimes, the jury returned a special verdict finding the defendant guilty of an uncharged theory of aggravated battery, see id., at 451-52, whereas in this case, the jury returned a general verdict. This fact, coupled with an erroneous jury instruction and the prosecutor’s emphasis on the deadly weapon theory of committing the offense, resulted in the possibility that the jury found Mr. Ortiz guilty based on a theory of the offense that was not charged in the information.
In this case, we conclude that the correct remedy is to remand for a new trial on the offense charged in the information, free of the incorrect jury instruction. See Wunsch v. State, 150 So.3d 869, 872-73 (Fla. 2d DCA 2014); Harris v. State, 76 *522 So.3d 1080, 1083 (Fla. 2d DCA 2011); Ritter v. State, 989 So.2d 1277, 1281 (Fla. 2d DCA 2008); Wright v. State, 975 So.2d 498, 500 (Fla. 2d DCA 2007); Sanders, 959 So.2d at 1234; Reddick, 56 So.3d at 133. Accordingly, we reverse Mr. Ortiz’s judgment and sentence for aggravated battery on a person sixty-five years of age or older and remand for a new trial on that offense. In alb other respects, we affirm the judgment and sentences.
Affirmed in part, reversed in part, and remanded.
' • CRENSHAW and BADALAMENTI, JJ„-Coneur,

. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).