VILLANTI, Chief Judge,
Concurring specially.
If the law allowed, I would reverse the summary judgment because, in my view, it constitutes fundamental error to cut off the rights of minors despite the existence of a statute designed to protect this from happening. But the law does not view things the way my paternal instincts do, and the issue I see—while raised and argued at the summary judgment hearing in the trial court below—was not raised as a basis for reversal on appeal. Therefore, I must reluctantly concur in this affirmance.
As the majority recognizes, section 95.051(l)(h) tolls the statute of limitations during “[t]he minority ... of the person entitled to sue during any period of time in which a parent, guardian, or guardian ad litem does not exist [or] has an interest adverse to the minor.” Here, there is no dispute that the twins’ only identified parent had an interest adverse to them. There is also no dispute that the twins did not have a plenary guardian until April 13, 2007, when their grandparents were appointed as permanent guardians. With the statute of limitations tolled until April 13, 2007, the complaint filed in November 2010 would have been timely.
However, the majority asserts—as did B.E.A.R.R. and Adept below—that the tolling statute does not apply because the twins had a guardian ad litem appointed on April 12, 2006. And while this is nominally true, I believe more is required to avoid the tolling statute than simply the existence of an entity called a “guardian ad litem.” The guardian ad litem in this case was appointed by the dependency court to represent the best interests of the twins in the dependency case. The guardian ad li-tem did not have plenary powers over the twins for any other matter. Cfi § 39.820(1), Fla. Stat. (2006) (providing for the guardian ad litem to be appointed to represent the best interests of the child in that proceeding). To hold that the mere existence of a guardian ad litem—even one wholly bereft of the legal authority necessary to bring the civil action in question—is sufficient to avoid the tolling statute is to elevate form over substance at the expense of the very persons the statute is intended to protect. At a minimum, there was a question of fact as to whether the guardian ad litem was authorized by that appointment to file a civil action for negligence on behalf of the twins. And that question of fact alone should have precluded entry of the summary judgment here.
*1085 Nevertheless, the argument concerning the guardian ad litem’s authority to act was not raised as a basis for reversal on appeal, and the concept of fundamental error has yet to be extended to allow an appellate court to correct an error that was preserved in the trial court but not raised on appeal. See Universal Ins. Co. of N. Am. v. Warfel, 82 So.3d 47, 64 (Fla. 2012) (noting that fundamental error may be used to correct errors that “reach down into the validity of the trial” and which were raised on appeal but not preserved with a contemporaneous objection in the trial court (quoting Jaimes v. State, 51 So.3d 445, 448 (Fla. 2010))). So while I believe it was fundamental error to grant summary judgment in the face of fact questions surrounding the applicability of a statute that requires the tolling of the statute of limitations for the protection of minors who have no one who can legally protect their interests, I am bound by precedent that definitively precludes such a result. Therefore, I reluctantly concur in this affirmance.