# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2023-2390
Lower Tribunal No. 2017-CF-001896-A-O
_____

DAVID LAI,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
A. James Craner, Judge.

November 15, 2024

MIZE, J.

Appellant David Lai ("Defendant") appeals his conviction for sexual battery by penetration on the ground that the jury's verdict was truly inconsistent. While Defendant did not preserve this issue in the trial court, Defendant argues that he is entitled to relief because the inconsistent verdict constitutes fundamental error that may be raised for the first time on appeal. In line with our sister courts, we find that the verdict was truly inconsistent and that the resulting error was fundamental. As a result, we reverse Defendant's conviction as set forth below.

## Background and Procedural History

The State filed a five-count Information against Defendant. Count three of the Information alleged that Defendant committed sexual battery on the victim by penetrating her vagina with his penis. At Defendant's trial, the jury found Defendant guilty as charged as to count three but also made a special verdict finding that Defendant did not penetrate the victim's vagina with his penis during the course of committing the offense. The jury was polled at the defense's request and confirmed its verdict. Defendant's counsel did not raise an objection to the jury's verdict before the jury was discharged or file a motion for arrest of judgment.[1]

Defendant appealed and the Fifth District affirmed his conviction and sentence without an opinion.[2] *Lai v. State*, 289 So. 3d 908 (Fla. 5th DCA 2019). Defendant subsequently petitioned the Fifth District for relief, alleging ineffective assistance of appellate counsel on the basis that in Defendant's initial brief, his appellate counsel failed to argue that fundamental error occurred when the jury returned an inconsistent verdict on count three. *Lai v. State*, 47 Fla. L. Weekly D2519b (Fla. 5th DCA Dec. 2, 2022). The Fifth District found that the verdict was

---

[1] The other counts were sexual battery – finger penetrated victim's vagina (Count I); sexual battery – mouth union with victim's vagina (Count II); sexual battery – penis union with victim's mouth (Count IV); and false imprisonment (Count V). Defendant was also found guilty on Counts I, II, IV and V.

[2] Due to the creation of the Sixth District Court of Appeal and the realignment of Florida's appellate districts that became effective January 1, 2023, appeals arising from the Ninth Judicial Circuit are now within this court's jurisdiction.

2

"truly inconsistent" and resulted "in a conviction for the uncharged theory of [sexual battery by] union" because although Defendant was charged with and convicted of sexual battery by penetration, the jury found in its special verdict that no penetration occurred. *Id*. The Fifth District further held that:

> Appellate counsel's failure to raise this argument as fundamental error is an omission "of such magnitude as to constitute a serious error or substantial deficiency falling measurably outside the range of professionally acceptable performance," and "compromised the appellate process to such a degree as to undermine confidence in the correctness of the result." *Zack v. State*, 911 So. 2d 1190, 1204 (Fla. 2005).

*Id*. As a result, the Fifth District granted Defendant a new appeal limited solely to the issue of the inconsistent verdict on count three. This is that appeal.

## Analysis

**I.     The verdict on count three was truly inconsistent.**

"An inconsistent verdicts claim presents a pure question of law and is reviewed de novo." *Brown v. State*, 959 So. 2d 218, 220 (Fla. 2007). "As a general rule, inconsistent jury verdicts are permitted in Florida." *State v. Powell*, 674 So. 2d 731, 732 (Fla. 1996). "Inconsistent verdicts are allowed because jury verdicts can be the result of lenity and therefore do not always speak to the guilt or innocence of the defendant." *Id*. at 733; *see also Nettles v. State*, 112 So. 3d 782, 783 (Fla. 1st DCA 2013) ("A verdict which is factually inconsistent is permissible in Florida as it results from a jury's inherent authority to acquit."); *Hollings v. State*, 336 So. 3d

3

802, 803 (Fla. 1st DCA 2022) ("Florida law allows for factually inconsistent verdicts so long as acquittal on one count would not negate a necessary element for conviction of another count.").

The exception to the general rule allowing inconsistent verdicts are verdicts that are "truly inconsistent." *Brown*, 959 So. 2d at 220. Some of our sister districts have also referred to such verdicts as "legally inconsistent." *See, e.g.*, *Nettles*, 112 So. 3d at 783; *Shavers v. State*, 86 So. 3d 1218, 1221 (Fla. 2d DCA 2012). "Truly inconsistent" verdicts occur "when verdicts against one defendant on legally interlocking charges are truly inconsistent." *Powell*, 674 So. 2d at 733. In other words, "true inconsistent verdicts are those in which an acquittal on one count negates a necessary element for conviction on another count." *Id*. (quoting *Gonzalez v. State*, 440 So. 2d 514, 515 (Fla. 4th DCA 1983) (internal quotations omitted)). For example, the Florida Supreme Court has found verdicts to be truly inconsistent where a jury convicted a defendant of a crime of which an underlying felony was a necessary element, but acquitted the defendant of the underlying felony itself. *See Brown*, 959 So. 2d at 221 (holding that the defendant could not be convicted of felony murder where the jury acquitted the defendant of the underlying felony); *Redondo v. State*, 403 So. 2d 954, 956 (Fla. 1981) (defendant could not be convicted of unlawful possession of a firearm during a commission of felony where the jury failed to find the defendant guilty of any felony); *Mahaun v. State*, 377 So. 2d 1158,

4

1161 (Fla. 1979) (verdict of guilty as to felony murder set aside where jury failed to find defendant guilty of the underlying felony); *see also Morris v. State*, 349 So. 3d 491, 493 (Fla. 1st DCA 2022) (holding that the jury rendered a true inconsistent verdict when it convicted the defendant of first degree felony-murder while acquitting him of the underlying felony).  In such cases, the acquittal of the underlying felony may also be in the form of a conviction for a lesser-included misdemeanor of the separately charged underlying felony.  By finding the defendant guilty of the lesser-included misdemeanor, the jury effectively acquits the defendant of the felony charge. *See Brown*, 959 So. 2d at 221; *Redondo*, 403 So. 2d at 956. The Florida Supreme Court has stated that the "truly inconsistent verdict" exception to the general rule allowing inconsistent verdicts is warranted "because the possibility of a wrongful conviction in such cases outweighs the rationale for allowing verdicts to stand." *Brown*, 959 So. 2d at 221 (quoting *Powell*, 674 So. 2d at 733).

The verdict at issue in this case is not a verdict in which an acquittal on one count negated a necessary element of another count for which Defendant was convicted.  Rather, in this case, the jury made a special verdict finding that negated an essential element of the crime for which Defendant was convicted.  However, the charge of sexual battery by penetration and the special verdict finding were certainly interlocking as the special verdict finding explicitly and directly pertained to whether

5

a necessary element of the charge – that Defendant penetrated the victim's vagina with his penis – was established.[3] *See Proctor v. State*, 205 So. 3d 784, 787 (Fla. 2d DCA 2016) (finding a charge and a special finding directly negating a necessary element of that charge to be "legally interlocking"). The special verdict finding also indisputably negated that necessary element. For these reasons, we find that the guilty verdict on the charge of sexual battery by penetration and the jury's special verdict finding that no penetration occurred were truly inconsistent. In doing so, we note that every district court that has addressed the same question before us now— whether a verdict is truly inconsistent where the jury finds the defendant guilty of a charge but also makes a specific verdict finding that directly negates a necessary element of that charge—has held that such verdicts are truly inconsistent. *See Gerald v. State*, 132 So. 3d 891, 895 (Fla. 1st DCA 2014) (holding that the jury's verdict finding a defendant guilty of aggravated assault but also finding that the defendant

---

[3] There are different methods by which sexual battery can be committed, but the only method the State alleged in the Information as to count three was Defendant penetrating the victim's vagina with his penis, and that is the only method on which the jury was instructed. *Cf. State v. McGhee*, 174 So. 3d 470, 472 (Fla. 1st DCA 2015) (no truly inconsistent verdict where state charged aggravated assault with deadly weapon, evidence was disputed as to whether the defendant used a firearm or some other type of deadly weapon, and jury found the defendant guilty of aggravated assault with deadly weapon but specially found he did not possess a firearm); *Profit v. State*, 382 So. 3d 778, 781-82 (Fla. 1st DCA 2024) (no legally inconsistent verdict when evidence supported and jury instructions included premeditated first-degree murder and jury acquitted the defendant of felony supporting first-degree felony murder charge).

did not possess a firearm was legally inconsistent since a necessary element of aggravated assault is use of a deadly weapon[4]); *Nettles*, 112 So. 3d at 783 (holding that a verdict was legally inconsistent where the jury convicted defendant of the charges of carjacking with a firearm and robbery with a firearm but also made a special finding that the defendant did not possess a firearm); *Proctor*, 205 So. 3d at 787-88 (holding that a verdict was truly inconsistent where the jury found the defendant guilty of aggravated assault with a deadly weapon on a person over sixty-five but also made a special finding that the defendant did not possess a firearm[5]); *Bott v. State*, 307 So. 3d 26, 29 (Fla. 4th DCA 2020) (holding that a verdict was truly inconsistent where the jury found the defendant guilty of aggravated assault with a deadly weapon and aggravated battery with a deadly weapon but also made a special finding that the defendant did not possess a firearm[6]); *cf. State v. Carswell*, 914 So. 2d 9, 11-12 (Fla. 4th DCA 2005) (verdict was a permissible factually inconsistent verdict rather than an impermissible legally inconsistent verdict where the jury convicted the defendant of aggravated battery by causing great bodily harm based

---

[4] As explained in *Gerald*, aggravated assault can be established if an assault was committed with a deadly weapon or with intent to commit a felony. 132 So. 3d at 894. However, in *Gerald*, no evidence of any deadly weapon other than a firearm was presented to the jury, and the jury was not instructed on aggravated assault by assault with intent to commit a felony. *Id.*

[5] The only potential deadly weapon alleged to have been used by the defendant in *Proctor* was a firearm. 205 So. 3d at 787.

[6] The only potential deadly weapon alleged to have been used by the defendant in *Bott* was a firearm. 307 So. 3d at 29-30.

on evidence that the victim suffered a gunshot wound, but also made a special finding that the defendant did not possess a firearm, because the finding that the defendant did not possess a firearm did not negate any necessary element of aggravated battery by causing great bodily harm).

## II.   The truly inconsistent verdict constituted fundamental error.[7]

"[A]n unpreserved error may be reviewed on appeal only if it rises to the level of fundamental error." *Jaimes v. State*, 51 So. 3d 445, 448 (Fla. 2010); *see also* § 924.051(3), Fla. Stat. (2024) ("An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error."). Explaining the standard for identifying fundamental error, the Florida Supreme Court has stated:

> In defining the scope of the fundamental error doctrine, we have explained that a fundamental error is one that "goes to the foundation of the case or goes to the merits of the cause of action." *Sanford v. Rubin*, 237 So. 2d 134, 137 (Fla. 1970). "To justify not imposing the contemporaneous objection rule, 'the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.'" *State v. Delva*, 575 So. 2d 643, 644-45 (Fla. 1991) (quoting *Brown v. State*, 124 So. 2d 481, 484 (Fla. 1960)). In other words, the doctrine of

---

[7] Defendant argues that the Fifth District's prior opinion already held that the inconsistent verdict was fundamental error and that such holding is the law of the case. We reject this argument because the Fifth District did not hold that the inconsistent verdict was fundamental error. Rather, the Fifth District held that appellate counsel's failure to argue that the inconsistent verdict was fundamental error constituted ineffective assistance of counsel. *Lai*, 47 Fla. L. Weekly D2519b. However, for the reasons stated herein, we find that the inconsistent verdict was fundamental error.

8

> fundamental error applies when an error has affected the proceedings to such an extent it equates to a violation of the defendant's right to due process of law. *See F.B. v. State*, 852 So. 2d 226, 229 (Fla. 2003); *see also* [*Ray v. State*, 403 So. 2d 456, 460 (Fla. 1981)] ("[F]or error to be so fundamental that it may be urged on appeal, though not properly presented below, the error must amount to a denial of due process.").

*Jaimes*, 51 So. 3d at 448.

The Florida Supreme Court has specifically held that fundamental error occurs when a defendant is convicted of a crime with which the defendant has not been charged by the State. *Id*. at 448-49 ("It is a fundamental principle of due process that a defendant may not be convicted of a crime that has not been charged by the state. . . . Therefore, an error that directly results in such a conviction is by definition fundamental."). The *Jaimes* Court also specifically held that this rule encompasses situations in which a defendant is convicted of the offense charged based on a theory of the offense that is different than the theory that was charged. *Id.* at 449 (holding that where the defendant was charged only with aggravated battery by committing a battery with the use of a deadly weapon, but the jury convicted the defendant of aggravated battery by causing great bodily harm to the victim, "there [was] no question that the defendant was convicted of an offense that was never charged" and that fundamental error occurred as a result). In making this holding, the *Jaimes* Court noted that it "has long recognized, one charged with a crime cannot be indicted for one offense and convicted or sentenced for another, even though the offenses are

9

closely related and may be of the same general character." *Id.* (quoting *Perkins v. Mayo*, 92 So. 2d 641, 643 (Fla. 1957) (internal quotations omitted)).

Here, as the Fifth District found in its opinion concerning Defendant's petition for ineffective assistance of appellate counsel, the inconsistent verdict reached at Defendant's trial resulted in a conviction on an uncharged theory of sexual battery. *Lai*, 47 Fla. L. Weekly D2519f. Defendant could not have been convicted on the charged theory of sexual battery—that Defendant penetrated the victim's vagina with his penis—because the jury specifically found in its special verdict finding that Defendant did not penetrate the victim's vagina with his penis. Because the inconsistent verdict in this case resulted in Defendant being convicted on an uncharged theory of sexual battery, the inconsistent verdict constitutes fundamental error. In making this holding, we note that both the Second and Fourth Districts have held that truly inconsistent verdicts constitute fundamental error. *See Proctor*, 205 So. 3d at 789; *Linen v. State*, 268 So. 3d 874, 876 & n.1 (Fla. 2d DCA 2019); *Zelaya v. State*, 257 So. 3d 493, 497 (Fla. 4th DCA 2018).

## Conclusion

For the foregoing reasons, we reverse Defendant's conviction on count three of the information for sexual battery by penetration and remand for the trial court to enter a judgment on the lesser-included offense of battery. *See Proctor*, 205 So. 3d at 789; *Zelaya*, 257 So. 3d at 497. Because the conviction on count three affected

10

Defendant's scoresheet used to determine his sentences on counts one, two, four and five, the trial court must also recalculate his scoresheet to reflect the conviction for the lesser-included offense of battery and resentence Defendant using the revised scoresheet.

REVERSED and REMANDED with instructions.

TRAVER, C.J., and GANNAM, J., concur.

Matthew R. McLain, of McLain Law, P.A., Longwood, for Appellant.

Ashley Moody, Attorney General, Tallahassee, and Daniel Caldwell, Assistant Attorney General, Daytona Beach, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED