# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2024-1383
Lower Tribunal No. 2024-MM-401006-A-O

_____

MIGUELTO MASSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

Appeal from the County Court for Orange County.
Mark A. Skipper, Judge.

December 12, 2025

PRATT, J.

The State's information charged Appellant with "solicit[ing], induc[ing], entic[ing], or procur[ing] another to commit prostitution, by sexual intercourse" "in violation of [section] 796.07(2)(f), [Florida Statutes]." At trial, a jury instruction was given to the jury regarding the charged offense of solicitation to commit prostitution and the uncharged offenses of solicitation to commit lewdness and assignation. *See* § 796.07(2)(f), Fla. Stat. ("It is unlawful . . . [t]o solicit, induce, entice, or procure another to commit prostitution, lewdness, or assignation."). Appellant did not object

to the jury instruction; it was one of what the trial court collectively referred to as "the proposed jury instructions." On appeal, Appellant asserts that the trial court fundamentally erred when it instructed the jury on the uncharged offenses.

We need not reach the State's initial contention that Appellant "arguably" waived this fundamental error issue. *See generally Allen v. State*, 322 So. 3d 589, 598 (Fla. 2021) ("This Court's precedent requires more than 'mere acquiescence' to an incorrect jury instruction to support the conclusion that the defendant invited the error and thereby is precluded from challenging the error on appeal, even under a fundamental-error standard. More specifically, to support a finding of invited error, defense counsel must either request the incorrect instruction or be aware an instruction is incorrect but agree to it anyway." (citation omitted)). Here, the record shows that the partially erroneous jury instruction is not fundamental. This case does not present a problem involving a general verdict where we cannot determine whether the jury convicted Appellant of an uncharged crime or theory of the case. The jury's verdict form specifically found Appellant "guilty . . . of the charge of [s]olicitation to [c]ommit [p]rostitution in violation of [section] 796.07(2)(f), [Florida Statutes]." In other words, the jury's verdict form shows that Appellant was only convicted of a crime charged in the State's information—i.e., solicitation to commit prostitution. Because the jury's verdict form shows that Appellant was not convicted of any uncharged crime, it is not "impossible to know whether [the

defendant] was convicted of the offense with which he was charged . . . or an offense with which he was not charged." *State v. Weaver*, 957 So. 2d 586, 589 (Fla. 2007) (alterations in original) (citation omitted). Accordingly, no fundamental error occurred in this case based on the partially erroneous jury instruction. *See Jaimes v. State*, 51 So. 3d 445, 451 (Fla. 2010) (explaining that *Weaver* "did not need to apply the general rule that a conviction on a charge not made by the indictment or information is a denial of due process of law because there was no reason to believe that Weaver had in fact been convicted of an uncharged crime" (citation and internal quotation marks omitted)). And because no fundamental error occurred, Appellant is entitled to no relief on appeal. *See Steiger v. State*, 328 So. 3d 926, 932 (Fla. 2021) ("Based on the plain text of section 924.051(3), [Florida Statutes,] an unpreserved error may only be raised and result in reversal on direct appeal where the error is fundamental.").

AFFIRMED.

STARGEL and WOZNIAK, JJ., concur.


Blair Allen, Public Defender, and Matthew J. Salvia, Assistant Public Defender, Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Deborah Chance, Assistant Attorney General, Daytona Beach, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED