886 So.2d 1079 (2004)
Sean ASHMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-210.
District Court of Appeal of Florida, Fifth District.
November 19, 2004.
*1080 James B. Gibson, Public Defender, and Allison Havens, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
This is a double jeopardy case. Ashman appeals his Orange County convictions for two counts of kidnapping. He argues that the kidnapping convictions violated double jeopardy because he was previously charged and convicted of kidnapping in Polk County for the same incident. We agree and reverse the Orange County kidnapping convictions.
Ashman entered the victim's Orange County residence just before midnight on December 22, 2002. He took the victim at gunpoint from her residence to her car where he ordered the victim to drive from Orlando to Polk County. The victim drove to a location in Polk County where Ashman repeatedly sexually battered her in the back of the vehicle. At one point, the victim attempted to escape but Ashman caught her, choked her and carried her back to the car. Ashman attempted to sexually batter her again while the victim pretended she was unconscious. Later, the victim was able to call police who responded and apprehended Ashman.
Ashman was charged with and convicted of, in Polk County Case No. CF02-08268A-XX, armed kidnapping, attempted murder, and several counts of sexual battery. The Second District Court of Appeal per curiam affirmed Ashman's convictions at Ashman v. State, 871 So.2d 218 (Fla. 2d DCA 2004) (table).
Concurrent to the Polk County investigation and prosecution, Orange County initiated an investigation of the same incident. The Orange County probable cause affidavit relates the same events described in the Polk County arrest affidavit. Ashman was formally charged by information in Orange County with two counts of kidnapping, armed burglary of a dwelling and aggravated stalking.
Ashman raised the double jeopardy issue below but the trial court denied his motion to dismiss. The jury found Ashman guilty as found on all counts.
On appeal, Ashman argues that the two Orange County kidnapping convictions and sentences violated his double jeopardy rights because he was previously convicted for these same offenses in Polk County. The State concedes that if the Orange County kidnapping convictions relate to the same episode as the Polk County kidnapping convictions, then the Orange County convictions would be improper. The State acknowledges the following authorities. Section 910.11(2), Florida Statutes (2003) states, "When a person may be tried for an offense in two or more counties, a conviction or acquittal in one county shall be a bar to prosecution for the same offense in another county." In Adams v. State, 659 So.2d 396 (Fla. 2d DCA 1995), the court noted that even though a kidnapping was committed in more than one county, it was still one offense. In Nash v. State, 547 So.2d 147 (Fla. 4th DCA 1989), *1081 the court held pursuant to section 910.11(2), that a defendant's conviction for grand theft in the county in which he stole automobile and in the county to which he drove automobile violated double jeopardy. See also Beatty v. Maryland, 468 A.2d 663, 668 (Md.1983) (holding that where victim seized in one county and transported to another county, only one kidnapping occurred).
Notwithstanding its concession, the State asks this Court to remand the matter back to the trial court "for a more complete review of appellant's claims ... to determine if the Polk County kidnapping conviction is based upon the same act as that which led to the two new Orange County charges and convictions." The State notes that, "the only details of the Polk County charges and convictions before this Court comes from attachments to the Initial Brief." We find remand for this purpose to be unnecessary.
We take judicial notice of the certified copies of Ashman's Polk County judgments and sentences, information and probable cause affidavit. The documents are sufficient for us to conclude that the Orange County kidnapping convictions arose from the same criminal episode as the Polk County convictions. The informations and probable cause affidavits from both counties describe the same defendant, same victim, same date,[1] and same underlying factual allegations. Based on the above mentioned authorities, the Orange County kidnapping convictions and sentences violate Ashman's double jeopardy rights because he was previously convicted of the same offense in Polk County.
Because of our holding, we need not address Ashman's alternative argument. We reverse Ashman's two Orange County kidnapping convictions, affirm the remaining convictions for armed burglary of a dwelling and aggravated stalking, and remand for resentencing.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
ORFINGER and TORPY, JJ., concur.
NOTES
[1] The Polk County information alleges that the kidnapping occurred "on or about December 22, 2002" while the Orange County information alleges that the kidnapping occurred "between the 20th day of December 2002 and the 23d day of December 2002."