SILBERMAN, Chief Judge.
Anthony James Harris appeals his convictions and sentences for robbery with a firearm and battery. Because the trial court committed fundamental error, as the State concedes, in sentencing Harris for robbery with a firearm when he was not charged with that crime in the second-amended information, we reverse his judgment and sentence for that crime.
In count one of the second-amended information, the State alleged that on January 5, 2007, Harris
by force, violence, assault or putting in fear, did attempt to take from the person or custody of Kenneth McCullough, money or other property, to wit: personal property over $300.00, with intent to either permanently or temporarily deprive Kenneth McCullough of said money or property, and in the course of committing said Robbery, [Harris] did carry a firearm; contrary to Chapter 812.13(2)(a)*777.04*777.011, Florida Statutes [ (2006).]
(Emphasis added.)
Although the charging document alleged an attempted robbery with a firearm in count one, testimony adduced at trial reflected that Harris completed the robbery with a firearm as to the victim. On count one the trial court instructed the jury on robbery with a firearm and the lesser included offenses of robbery with a weapon, robbery without a firearm or weapon, theft, and battery. The court did not give an instruction for attempted battery. The jury found Harris guilty of robbery with a firearm. At sentencing, the trial court declared Harris a habitual violent felony offender but did not sentence him as such; rather, the trial court sentenced Harris to life in prison as a prison release reoffender for robbery with a firearm.[1]
It is a denial of due process to convict a defendant of a crime that the State has not charged. See Jaimes v. State, 51 So.3d 445, 448 (Fla.2010). The State concedes that it was fundamental error to convict Harris of robbery with a firearm when the State charged him with attempted robbery with a firearm. See id. at 451 (determining that fundamental error occurred when the defendant was convicted of aggravated battery by causing great bodily harm when the State charged the defendant -with aggravated battery with a deadly weapon). But the State disputes the remedy that Harris seeks.
*1082 Harris contends that we must reverse his conviction for robbery with a firearm and remand for a new trial. The State argues, however, that Harris is not entitled to a new trial. The State argues that, instead, this court should direct the trial court to enter a judgment for attempted robbery with a firearm pursuant to section 924.34, Florida Statutes (2011). Section 924.34 provides as follows:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
The Florida Supreme Court discussed section 924.34 in Jaimes. There, the defendant was convicted of aggravated battery by causing great bodily harm, but he was charged with aggravated battery with a deadly weapon. 51 So.3d at 447. In reversing the conviction, the supreme court stated, “Under section 924.34, Florida Statutes (2010), when an appellate court vacates a conviction but determines that the evidence establishes the defendant’s guilt as to a lesser included offense, ‘the appellate court shall reverse the judgment and direct the trial court to enter judgment for the ... lesser included offense.’ ” 51 So.3d at 451. The supreme court directed the trial court to enter a verdict for the lesser included offense of simple battery. Id. at 452. In doing so, the supreme court recognized that “the elements of simple battery were both supported by the charging document and the proof at trial, and each element of the offense was determined by the jury beyond a reasonable doubt.” Id. (citing State v. Sigler, 967 So.2d 835, 842 (Fla.2007)). To constitutionally apply section 924.34, the jury must have found every element of the lesser offense beyond a reasonable doubt. See Sigler, 967 So.2d at 844.
Here, the State contends that although the trial court did not instruct the jury on attempted robbery with a firearm because the evidence demonstrated a completed act, the jury necessarily found Harris attempted a robbery with a firearm. The State argues that in order to commit a robbery, one must first attempt to commit a robbery. We recognize the facial logic in the State’s argument. However, a comparison of the elements of an attempt to the elements of a completed robbery shows that by finding that Harris committed the robbery, the jury could not have found all of the actual elements of an attempted robbery.
Elements of a robbery include that the defendant took property from the person or custody of the victim and that the property was of some value. See Fla. Std. Jury Instr. (Crim.) 15.1. An attempt is a category two lesser included offense of robbery. See id.; see also Wilson v. State, 635 So.2d 16, 17 (Fla.1994) (recognizing that attempts are category two lesser included offenses and that the judge should not instruct on an attempt if the evidence only supports a completed offense). In contrast to robbery, one of the elements of an attempt is as follows:
2. [He][She] would have committed the crime except that
a. [someone prevented [him][her] from committing the crime of (crime charged).]
b. [[he][she] failed.]
Fla. Std. Jury Instr. (Crim.) 5.1.
The evidence here did not support and the jury obviously did not find that someone prevented Harris from committing the *1083 robbery in count one or that he failed to commit the robbery. Therefore, the jury did not find beyond a reasonable doubt that Harris committed an attempted robbery. Cf. Allen v. State, 18 So.3d 741, 742 (Fla. 2d DCA 2009) (reversing trafficking in cocaine conviction that was based on the State’s theory that the defendant purchased cocaine and directing judgment for attempted trafficking when the evidence established the attempt but was insufficient to prove that a purchase took place). Based on the fact that the evidence did not support and the jury did not find all the elements of the lesser offense of attempted robbery with a firearm, we cannot apply section 924.34. Instead, we are constrained to reverse Harris’s judgment and sentence for robbery with a firearm because he was not charged with that crime.
Finally, Harris asserts that we should reverse and remand for a new trial. We do so but observe that the State may not be limited to proceeding on the existing charge of attempted robbery with a firearm.
Reversed and remanded for a new trial.
CASANUEVA, J., Concurs.
VILLANTI, J., Concurs with opinion.

. Harris does not contest his battery conviction and sentence of time served on count two.