# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D17-1519
_____

ISAAC WILLIAMS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Leon County.
Martin A. Fitzpatrick, Judge.

November 7, 2018

PER CURIAM.

Isaac Williams was tried and convicted of armed burglary of a dwelling with person assaulted. He seeks a new trial, arguing that the charging document was fundamentally defective. We affirm because it is clear that the information sufficiently alleged the elements of burglary and Mr. Williams understood the charges he was facing.

When the State first charged Mr. Williams in this case, the original information charged him with attempted armed burglary of a dwelling with person assaulted. The day before trial, the State filed an amended information to change the charge from an attempt to a completed armed burglary of a dwelling with person assaulted. The caption was changed to "ARMED BURGLARY OF

DWELLING WITH PERSON ASSAULTED" and included a citation to section 810.02(2). But the body of the document wasn't changed. On the morning of trial, the court noted that the amended information had been filed. Counsel for Mr. Williams stated he was not prejudiced by the amendment and the trial for burglary proceeded. No one noticed the mismatched language in the caption and body of the information. And at trial, Mr. Williams's counsel repeatedly referenced the completed burglary charge against his client. The evidence at trial showed that Mr. Williams and another armed man pushed into the victim's home after he opened the door, hit him over the head with a gun, and stole money and drugs from the home. After hearing the evidence, the jury returned a verdict finding Mr. Williams guilty of armed burglary of dwelling with person assaulted. At no time did Mr. Williams assert any objection related to the information or to his notice of the charges.

Now, on appeal, Mr. Williams contends that we must reverse for a new trial because the body of the charging document alleged attempted burglary and not a completed burglary. But we do not agree. Deficiencies in charging documents are not per se reversible. *Weatherspoon v. State*, 214 So. 3d 578, 584 (Fla. 2017). Rather, "[g]enerally the test for granting relief based on a defect in the information is actual prejudice to the fairness of the trial." *Id.* (quoting *Price v. State*, 995 So. 2d 401, 404 (Fla. 2008)). According to *Weatherspoon*, the information is "legally sufficient" if it expresses the elements of the offense charged in such a way that "the accused is neither misled or embarrassed in the preparation of his defense nor exposed to double jeopardy." *Id.* The rules of criminal procedure make the same point:

> No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless . . . the indictment or information is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense.

2

Fla. R. Crim. P. 3.140(o).

In this instance, the record shows that Mr. Williams was not prejudiced by the defect in the information. Mr. Williams knew of the completed burglary charge. Mr. Williams's counsel acknowledged receiving the amended information and its completed burglary charge, which referenced section 810.02(2)(a) and (b), Florida Statutes: "I have received it. I'm not prejudiced by the amendment. [And I] enter a plea of not guilty to the amended information." In his opening remarks, defense counsel also demonstrated a clear understanding that Mr. Williams was defending against a burglary charge and not an attempt charge. Later at trial, jury instructions were given for completed burglary. With all this in view, we see no prejudice to Mr. Williams. He knew that he was being tried for a completed burglary charge, he defended against the charge, and he did not object to it. *See Moseley v. State*, 7 So. 3d 550, 552 (Fla. 5th DCA 2009) ("In this case, it is clear that Moseley suffered no actual prejudice. Rather, he defended the case at all stages of the proceeding, through verdict and appeal, under the assumption that he had been charged pursuant to subsection (1) of the statute . . . .").

In addition to not being uninformed or misled about the charges, the charging document addressed the basic elements of the offense of burglary. *Weatherspoon*, 214 So. 3d at 584. In addition to citing the burglary statute, section 810.02(2), by alleging that Mr. Williams *attempted* to enter or remain in the dwelling, the body of the charging document put Mr. Williams on notice of the offense's entrance element. The State's evidence regarding the entrance element was that Mr. Williams was involved in a scuffle in the doorway of the victim's home and pressed forward and got inside. And even the State's closing argument regarding the lesser included offense of attempted burglary was argued on the basis of proving that Mr. Williams and his accomplice "went in there and they forced their way into this home." Under these facts, there is little risk of prejudice to Mr. Williams's defense since he was aware of the State's evidence and argument on the entrance element of the offense showing an actual entry. Nor is there danger that Mr. Williams could be separately charged with attempted burglary as that charge was subsumed by the completed burglary. *See Aubuchon v. State*, 110 So. 3d 55, 58

3

(Fla. 2d DCA 2013) ("[U]nder section 775.021(4)(b)(2), an attempt to commit an offense is considered to be subsumed within the completed offense because the offense of attempt is usually a degree variant of the primary offense.").

Appellant relies upon *Castillo v. State*, 929 So. 2d 1180, 1182 (Fla. 4th DCA 2006), which is distinguishable. There, the defendant was charged with burglary of a structure, but was ultimately convicted of burglary of a dwelling. In that case, it wasn't clear that the appellant knew that the State was proceeding against him for burglary of a dwelling. The charging document did not put the defendant on notice of the dwelling element. And a jury finding that a building is a dwelling requires proof that is different from the kind required to prove that the building is a structure. Different from that case, Mr. Williams has not demonstrated a fundamental error here because he knew affirmatively that the State intended to try him for a completed burglary, and the charging document gave him notice of the entrance element of the offense.

The judgment and sentence are AFFIRMED.

LEWIS, OSTERHAUS, and BILBREY, JJ., concur.

––––––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––––––

Andy Thomas, Public Defender, and M. J. Lord, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Samuel B. Steinberg, Assistant Attorney General, Tallahassee, for Appellee.