# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

ALFRED FACUNDO,

Petitioner,

v.

STATE OF FLORIDA,

Respondent.

No. 2D2024-2599

_____

June 6, 2025

Petition Alleging Ineffective Assistance of Appellate Counsel.  Manatee County; Lon Arend, Judge.

Matthew R. McLain of McLain Law, P.A., Longwood, for Petitioner.

James Uthmeier, Attorney General, Tallahassee, and James A. Hellickson, Assistant Attorney General, Tampa, for Respondent.

PER CURIAM.

Alfred Facundo has filed a petition alleging ineffective assistance of appellate counsel, arguing that his appellate counsel was ineffective for failing to argue fundamental error in his conviction of kidnapping when the amended information alleged that he had committed attempted kidnapping.

"To establish a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel performed deficiently and

that 'the deficiency of that performance compromised the appellate process to such a degree as to undermine confidence in the fairness and correctness of the appellate result.' " *Upshur v. State*, 357 So. 3d 811, 812 (Fla. 2d DCA 2023) (quoting *Downs v. Moore*, 801 So. 2d 906, 909–10 (Fla. 2001)).

Because Mr. Facundo was prosecuted for and convicted of kidnapping, but the amended information referenced "attempted" kidnapping in the body of the information, appellate counsel should have raised the issue of fundamental error as to whether Mr. Facundo was convicted of an uncharged crime. *See Jaimes v. State*, 51 So. 3d 445, 448–49 (Fla. 2010) ("It is a fundamental principle of due process that a defendant may not be convicted of a crime that has not been charged by the state. Therefore, an error that directly results in such a conviction is by definition fundamental." (citations omitted)). Since this issue was not raised, we conclude appellate counsel's performance was deficient and undermined confidence in the outcome of the appeal. *See Figueroa v. State*, 84 So. 3d 1158, 1161 (Fla. 2d DCA 2012) (" '[A] conviction on a charge not made by the indictment or information is a denial of due process[,]' and an indictment or information that 'wholly omits to allege one or more of the essential elements of the crime' cannot support a conviction for that crime. This 'is a defect that can be raised at any time—before trial, after trial, on appeal, or by habeas corpus.' " (second alteration in original) (quoting *State v. Gray,* 435 So. 2d 816, 818 (Fla. 1983))); *Harris v. State,* 76 So. 3d 1080, 1081 (Fla. 2d DCA 2011) (acknowledging that "it was fundamental error to convict Harris of robbery with a firearm when the State charged him with attempted robbery with a firearm"); *see also Sheppard v. State*, 338 So. 3d 803, 830 (Fla. 2022) ("Appellate counsel may be ineffective for failing to raise

claims of fundamental error.").  Accordingly, we grant the petition and will allow Mr. Facundo to commence a new appeal as to this issue only. *Cf. Stewart v. State*, 48 Fla. L. Weekly D324, D325 (Fla. 6th DCA Feb. 10, 2023); *Lai v. State*, 47 Fla. L. Weekly D2519, D2519–D2520 (Fla. 5th DCA Dec. 2, 2022).

This opinion shall be filed with the lower tribunal and treated as the notice of belated appeal of the judgment and sentence.  Upon receipt, the clerk of the lower court shall certify a copy of this opinion to this court in accordance with Florida Rule of Appellate Procedure 9.040(g). The appeal shall proceed under a new case number, which shall be assigned upon receipt in this court of the certified opinion.  Upon initiation of the new case, the clerk of this court shall docket the records on appeal and transcripts from case no. 2D2021-2764 in the new case. The parties may move for supplementation of the record as necessary. All time requirements of the Florida Rules of Appellate Procedure shall run from the date of this opinion.  If petitioner qualifies for appointed counsel, the trial court shall appoint counsel to represent him on appeal.

Petition granted.

NORTHCUTT, LUCAS, and ATKINSON, JJ., Concur.

_____

Opinion subject to revision prior to official publication.