DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

ALFRED FACUNDO,

Appellant

v.

STATE OF FLORIDA,

Appellee.

No. 2D2025-1709

_____

May 22, 2026

Appeal from the Circuit Court for Manatee County; Lon S. Arend, Judge.

Matthew Raul McLain of McLain Law, P.A., Longwood, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and J. Wade Stidham, Assistant Attorney General, Tampa, for Appellee.

GUARD, Judge.

Alfred Facundo appeals the judgment and sentence for his kidnapping conviction because his amended information stated that he did "attempt to" kidnap the victim when he kidnapped her. Because there was no actual prejudice to Facundo from this surplusage, we affirm.

**I.**

On August 31, 2018, the State charged Facundo with (1) kidnapping and (2) burglary with assault or battery. On August 6, 2021,

the State filed an amended information. That information made no changes to the kidnapping charge.

The heading in both charging documents described Count I as "Kidnapping (Harm or Terrorize) [Fla. Stat. §] 787.01(1)(a)(3), First – Punishable by Life Felony." The body of both alleged that Facundo, "[o]n or about June 6, 2018, . . . did attempt to forcibly, secretly or by threat confine, abduct or imprison [C.S.] with the intent to inflict bodily harm or terrorize [C.S.], contrary to Section 787.01(1)(a)3, Florida Statutes." Facundo never challenged the "attempt to" language in the trial court. Neither charging document referred to Florida's attempt statute. Neither charging document included the statutory language from that statute either.

Prior to trial, the court conducted a colloquy with Facundo about his choice to reject a plea offer. Facundo stated that he knew he could be sentenced to life in prison if he was convicted. An attempted kidnapping conviction of Facundo could not have resulted in a life sentence. § 777.04(4)(c), Florida Statutes (2018).

At trial, the court gave the standard kidnapping jury instruction. Neither party objected. Neither party referenced an attempted kidnapping during opening or closing statements nor at any other point during the trial. The jury found Facundo guilty of kidnapping as charged. The court sentenced Facundo to life in prison.

Facundo appealed. This court affirmed Facundo's judgment and sentence in *Facundo v. State* (*Facundo I*), 348 So. 3d 1125 (Fla. 2d DCA 2022). After *Facundo I*, Facundo petitioned for a new appeal arguing that his appellate counsel rendered ineffective assistance by failing to raise a fundamental error argument with respect to the additional "attempt to" language. *Facundo v. State* (*Facundo II*), 413 So. 3d 920,

921 (Fla. 2d DCA 2025). This court granted Facundo's petition in *Facundo II*. *Id.* at 922. This court gave Facundo the opportunity "to commence a new appeal as to this issue only." *Id.*

## II.

### A.

Facundo relies on *Facundo II* arguing that this court's decision is law of the case and we must reverse. This court's decision in *Facundo II* did not predetermine the outcome of this appeal. Instead, the court concluded that Facundo's appellate counsel's performance undermined its confidence in the outcome of that prior appeal. *Id.* at 921. The scope of the question before this court in *Facundo II* did not reach resolution on the unraised issue. If it had, there would have been no reason to grant this appeal. Other than citing a string of cases that found fundamental error relating to a charging document defect, *Facundo II* does little to assist the resolution of this appeal.

### B.

Moving beyond *Facundo II*, for an unobjected-to error to be reversible, "the error must reach down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *Brown v. State*, 124 So. 2d 481, 484 (Fla. 1960). Such an error "is equivalent to a denial of due process." *J.B. v. State*, 705 So. 2d 1376, 1378 (Fla. 1998). Our supreme court has advised appellate courts to "exercise [their] discretion under the doctrine of fundamental error very guardedly." *Sanford v. Rubin*, 237 So. 2d 134, 137 (Fla. 1970). Discarding the contemporaneous objection rule takes away the trial court's opportunity to address alleged errors and risks counsel "allowing errors in the proceedings to go unchallenged

3

and later using the error to a client's tactical advantage."  *F.B. v. State*, 852 So. 2d 226, 229 (Fla. 2003).

A deficiency in a charging document is not automatically fundamental error.  *Weatherspoon v. State*, 214 So. 3d 578, 584 (Fla. 2017).  Our supreme court has stated that "[g]enerally the test for granting relief based on a defect in the information is actual prejudice to the fairness of the trial."  *Id.* (quoting *Price v. State*, 995 So. 2d 401, 404 (Fla. 2008)).  Actual prejudice exists where (1) an essential element is omitted; (2) the language and statute citations are too vague to put the defendant on sufficient notice, such that he is misled; or (3) the defects expose the defendant to double jeopardy concerns.  *Felton v. State*, 919 So. 2d 557, 559 (Fla. 5th DCA 2005) (citing *Smartmays v. State*, 901 So. 2d 278, 280 (Fla. 5th DCA 2005)).  The supreme court articulated a similar formulation in our rules.  *See* Fla. R. Crim. P. 3.140(o) (stating that an information is only to be dismissed when it "is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense").

On multiple occasions, this court has dealt with charging documents with missing elements or language and analyzed those charging documents for actual prejudice.  *See, e.g.*, *Cowart v. State*, 257 So. 3d 145, 146-48 (Fla. 2d DCA 2018) (affirming, despite describing the State's information as an "indefensible linguistic buckshot" that charged "a whole host of offenses," because there was no actual prejudice); *Richards v. State,* 237 So. 3d 426, 431-32 (Fla. 2d DCA 2018) (reversing where an information failed to allege the essential elements or contain a

statutory citation matching the theory of the violation the State pursued at trial).

This court has not dealt with a situation, like this case, where surplusage exists in a charging document. The closest case we found was *Harris v. State*, 76 So. 3d 1080 (Fla. 2d DCA 2011). In *Harris*, this court reversed a robbery conviction because the charging document alleged an attempted robbery but the evidence at trial demonstrated a completed robbery. *Id.* at 1081. Unlike the charging documents in this case, the second amended information in *Harris* alleged both the "attempt to" language in the body and a citation to Florida's general attempt statute, section 777.04, Florida Statutes (2006). *Id.* Also, unlike this case, the State in *Harris* conceded that the defendant was convicted of an uncharged crime and that the error was fundamental. *Id.* Our opinion in *Harris* dealt with what was the appropriate remedy for that error. *Id.* at 1082-83. This court remanded for a new trial. *Id.* at 1083.

Outside of our district we found only one case that considered whether similar surplusage constituted fundamental error. *See Williams v. State*, 257 So. 3d 1218 (Fla. 1st DCA 2018). In *Williams*, the State charged a defendant initially with attempted armed burglary. *Id.* at 1218. The day before trial, the State amended its information charging a completed armed burglary. *Id.* at 1219. The State changed the caption and included the specific burglary statute, section 810.02(2), Florida Statutes, but left the language in the body of the information unchanged including the additional words "attempt to." *Id.* The jury returned a guilty verdict as charged. *Id.* On appeal, the defendant argued that the additional words in the amended information constituted fundamental error. *Id.* The First District affirmed the conviction. *Id.* It concluded that the charging document notified the defendant of the completed

5

entrance element of the offense by (1) citing the completed burglary statute and (2) alleging in the body of the information that he *attempted* to enter or remain in the dwelling. *Id.* at 1220. The First District determined that there was no double jeopardy danger because any potential attempted burglary charge was subsumed by the completed burglary. *Id.* Regarding prejudice, the court found that the defendant knew the charge the State was pursuing, received the amended information, addressed the completed burglary in his opening at trial, and accepted jury instructions given for burglary at the close of trial. *Id.* at 1219.

**III.**

The First District's approach in *Williams* to surplusage in a charging document adheres to how this court has approached charging documents with missing elements or other language. Turning to this case, the addition of the "attempt to" language in the body of the information did not prejudice Facundo. There was no prejudice because (1) Facundo was on notice of the essential elements, (2) the trial evidence supported a finding Facundo completed the crime, and (3) there is no risk of double jeopardy.

First, Facundo had notice that he was being prosecuted for a completed kidnapping. Starting with the probable cause affidavit, the State alleged a completed kidnapping and cited the kidnapping statute. The State pursued this same theory throughout. While both charging documents included the "attempt to" language, the rest of the body mirrors the completed kidnapping statute. Notably missing in the body is the remainder of the attempt statutory language or a citation to the

6

attempt statute.[1]  § 777.04.  Prior to trial, the court conducted a colloquy with Facundo.  Facundo confirmed that he could be sentenced to life in prison.  That statement was only true if he was charged with kidnapping. § 777.04(4)(c).  In jury selection, the trial court, State, and defense counsel referenced the charge as kidnapping.  Both parties' openings and closings referred to the charge as kidnapping.  The court gave the standard jury instruction for kidnapping without objection.  The verdict returned was for kidnapping.  Facundo's scoresheet noted that Count I was for kidnapping, punishable by life.

Second, the evidence supported a completed kidnapping conviction. Facundo chased the victim down.  Facundo pounded on the victim's car window screaming at her.  She feared he would break the window and drag her through broken glass, so she unlocked her car door.  Facundo grabbed her by the hair, dragged her to his car, and threw her in his back seat.  While Facundo disagreed with where he grabbed the victim, he testified to screaming at her, grabbing her, and taking her to his vehicle.  He then escaped that scene, stopping to beat the victim repeatedly.  He threatened to kill her and other of her family members. Facundo's battering of the victim ceased only when a Highway Patrol Trooper pulled alongside his car after the trooper saw him punching her. In that moment, the victim escaped Facundo to the Trooper's vehicle. These facts support Facundo's conviction.

Third, there is no double jeopardy concern.  The State prosecuted Facundo for kidnapping, so any prosecution for attempted kidnapping

---

[1] Ironically, if we were to view the amended information as charging an attempted kidnapping, we are concerned that it would be, perhaps, more deficient as it does not track the language from the attempt statute or cite the attempt statute.  Though, Facundo still would need to demonstrate actual prejudice.

out of these events would be subsumed by this conviction and barred. *See Aubuchon v. State*, 110 So. 3d 55, 58 (Fla. 2d DCA 2013) ("[U]nder section 775.021(4)(b)(2), an attempt to commit an offense is considered to be subsumed within the completed offense because the offense of attempt is usually a degree variant of the primary offense."); *Ashman v. State*, 886 So. 2d 1079, 1081 (Fla. 5th DCA 2004) (reversing a kidnapping conviction in one county because the defendant had been convicted for the same conduct in another county).

Facundo knew the charge. Facundo's defense was that he did not intend to terrorize or harm the victim. He made that argument in his motion for judgment of acquittal, in his own testimony, and in closing arguments. Thus, he was not misled as to the charge he faced, and he has not suffered any identified prejudice.

## IV.

This court does not take the mistake by the State lightly. Facundo faced the loss of his liberty for the remainder of his life. Even if he encountered a lesser sanction, issues like this should be avoided by the State taking a moment to double-check its charging documents. But, because the State's mistake was not contemporaneously objected to, we can only reverse if it resulted in trial court error that "reach[ed] down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." *Brown*, 124 So. 2d at 484. Because there was no actual prejudice, the State's mistake in this information did not give rise to fundamental error on the part of the court. Accordingly, we affirm.

Affirmed.

LaROSE and ROTHSTEIN-YOUAKIM, JJ., Concur.

8

—————————————————

Opinion subject to revision before official publication.